SANDRA RESNICK
California State Bar No. 89901
270 East Douglas Avenue
El Cajon, California 92020
Telephone: (619) 401- 4067
Facsimile: (619) 442-7439
sresn@cox.net

Attorney for Mayra Partida de Herrera

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.: 21CR 0685-WQH |
|---|---|
| Plaintiff, | Hon. WILLIAM Q. HAYES |
| v. | JOINT MOTION TO CONTINUE TRIAL DATE |
| MAYRA PARTIDA DE HERRERA, | |
| Defendant. | |

**IT IS HEREBY JOINTLY MOVED** by the parties that the trial date currently scheduled for February 1, 2022 be continued to a date which is convenient to the Court at the end of March or the beginning of April, 2022 before the Honorable William Q. Hayes. The parties also jointly move to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

Section 3161(h) excludes certain periods of time in calculating the 70 days. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set [] forth ... either orally or in writing, its reasons" for the finding. Id. The court "shall consider" the following factors, "among others":

   (i) Whether the failure to grant such a continuance in the proceeding would
       be likely to make a continuation of such proceeding impossible or result in a
       miscarriage of justice.

   (ii) Whether the case is so unusual or so complex, due to the number of

defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

…

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.

U.S.C. § 3161(h)(7)(B). "No continuance under [this provision] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." U.S.C. § 3161(h)(7)(C).

The legislation enacted to address the COVID-19 pandemic, further enables the exclusion of time. The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial, for the following reasons:

a. Investigation in this matter is ongoing. The defense investigator became ill in September of 2021. At that time, he was diagnosed with a serious illness which requires extensive treatment. Surgery took place in October of 2021. A feeding tube was inserted in order to facilitate treatment once he healed from the surgery. One course of treatment started November 2nd. It has just been discovered that his latest course of treatment will not be completed until the end of January,2022. It is expected that he will fully recover. However, his immune system has been weakened and he has been advised to temporarily avoid any situations which could impact his recovery.

b. The investigation involves witnesses both in the United States and Mexico. Approximately half of the investigation has been completed. The parties seek to continue the hearing to complete the investigation of this case once the investigator has recovered sufficiently to do so. This will enable defense counsel to effectively represent Ms. Partida de Herrera.

      c.     The parties are exercising due diligence. For the reasons above, failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation and result in a miscarriage of justice.

      d.     This is the third request for a continuance of the Trial date in this case. The first one occurred shortly after the illness was diagnosed. The second one was requested four weeks ago.

Counsel for defendant represents that she has discussed the need for this continuance with Ms. Partida. She agrees to and joins in the request for this continuance.

The parties therefore jointly move for a continuance and to exclude time under the Speedy Trial Act. The parties agree the period of delay excluded spans from the filing of this joint motion, U.S.C. § 3161(h)(1)(D), until the new date for the trial.

DATED: January 3, 2022      /s/ *Sandra Resnick*

January 3, 2022      /s/ *Paul E. Benjamin*