RANDY S. GROSSMAN
United States Attorney
PAUL E. BENJAMIN
California State Bar No. 306066
Assistant United States Attorneys
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7579
Paul.Benjamin@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>MAYRA PARTIDA DE HERRERA,<br><br>Defendant. | Case No.: 21-CR-685-WQH<br><br>**United States' Motions *In Limine* to:**<br><br>**(A)** Preclude Defense Expert Testimony<br>**(B)** Admit TECS Records as Business and Public Records<br>**(C)** Admit Narcotics Evidence Without Proof of Each Link in Chain of Custody<br>**(D)** Admit Government Expert Testimony<br>**(E)** Permit Display of Drugs to Jury<br>**(F)** Compel Discovery<br>**(G)** Exclude Testifying Witnesses Other Than the Case Agent<br><br>Date: June 27, 2022<br>Time: 2:00 p.m.<br><br>Honorable William Q. Hayes |

The Plaintiff, United States of America, by and through its counsel, Randy S. Grossman, United States Attorney, and Paul E. Benjamin, Assistant United States Attorney, hereby files its Motions in Limine.

## I.
## STATEMENT OF THE CASE

On February 3, 2021, Defendant was arrested for, and later charged by complaint with, importing cocaine, in violation of 21 U.S.C. §§ 952 and 960. ECF 1. On March 4, 2021, Defendant waived indictment and was arraigned on an Information charging the same. ECF 17. On March 7, 2022, trial was set for June 28, 2022. ECF 25.

## II.
## STATEMENT OF FACTS

On November 28, 2021, Defendant drove her car into the United States. She was referred to secondary inspection, where a Z-portal x-ray detected anomalies in the rear doors and a drug sniffing dog alerted to the rear driver side door. Further inspection uncovered packages of cocaine in the rear doors and gas tank.

## III.
## ARGUMENT

**A.  The Court Should Preclude Any Undisclosed Defense Expert Testimony**

Pursuant to Federal Rules of Criminal Procedure 16(b) and 26.2, the United States requests that Defendants disclose to the United States all exhibits and documents that either Defendant intends to introduce as evidence in her case-in-chief at trial or that were prepared by a witness whom the Defendant intends to call at trial. Moreover, the United States is entitled to disclosure of written summaries of testimony that Defendants intend to offer under Federal Rules of Evidence 702, 703, or 705 as evidence at trial. The summaries should describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications. To date, Defendants have provided no reciprocal discovery, no notice of expert witness, and no reports by expert witnesses. Accordingly, Defendants should not be permitted to introduce any expert testimony.

**B.  The Court Should Admit TECS Records as Public and Business Records**

The United States intends to introduce TECS records to show Defendant's dominion and control of the vehicle and familiarity with it as evidenced by her prior crossings in it.

These records are admissible as business records under Federal Rule of Evidence 803(6) and public records under Rule 803(8). Pursuant to Rule 803(6), unless the source of information or the method of preparation indicates a lack of trustworthiness, the rule against hearsay does not exclude a record of an act, event, condition, opinion, or diagnosis if the record was made at or near the time by, or from information transmitted by, someone with knowledge, the record was kept in the course of a regularly conducted activity of a business or organization, and making the record was a regular practice of that activity, all as shown by the testimony of a qualified individual. Pursuant to Rule 803(8), records of a government office's activities are admissible. TECS records are such records, in that they document the ordinary activities of the Department of Homeland Security and the DMV. As such, the records are admissible under Rules 803(6) and (8).

**C.   The Court Should Not Require Proof of Each Link in the Narcotics Chain of Custody**

The United States intends to introduce evidence of the cocaine found in Defendant's vehicle. Evidence of these drugs, which were initially seized by CBP officers and later tested by United States Drug Enforcement Administration ("DEA") chemist Sylvia Tarin-Brousseau, is admissible because there is a presumption of regularity in handling by these public officials and the testimony of these witnesses will show that the drugs have not changed in a material way since their seizure. *See United States v. Harrington,* 923 F.2d 1371, 1374 (9th Cir.1991) ("[I]n the absence of any evidence of tampering, a presumption exists that public officers properly discharge their official duties.") (internal quotation and alternation omitted). In establishing chain of custody, the United States is not required to call all persons who may have come into contact with the piece of evidence. *United States v. Solorio*, 669 F.3d 943, 954 (9th Cir. 2012) ("The possibility of a break in the chain of custody goes only to the weight of the evidence.") (quoting *Harrington,* 923 F.2d at 1374).

Here, the drugs seized from Defendant's vehicle were marked, photographed, secured, and transported in accordance with standard operating procedures. Because it has not changed in a material way and has been properly preserved, the United States should

not have to prove every link in the chain of custody from the time it was seized through the time of trial.

**D.     The Court Should Admit Expert Testimony by the United States**

*i.     Introduction*

Absent stipulations between the parties, the United States presently intends to call three expert witnesses in its case-in-chief: DEA senior chemist Sylvia Tarin-Brousseau, HSI Special Agent Andrew Flood, and automotive expert John Louie. Ms. Tarin-Brousseau will testify about the tests she performed and her ultimate opinion that the substance found in Defendant's vehicle is cocaine. Agent Flood will testify about the wholesale and retail values in Southern California of the cocaine seized in this case. Finally, Mr. Louie will testify as to the time it would take to load and unload the drugs, their effect on the operation of the vehicle, and the lack of evidence of forced entry. Finally, although the United States does not believe it to be expert testimony, the United States also seeks to admit TECS and cellular phone download evidence. The Court should admit expert testimony by these witnesses.

*ii.    Standard of Admissibility*

If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed. R. Evid. 702. Determining whether expert testimony would assist the trier-of-fact in understanding the facts at issue is within the sound discretion of the trial judge. *United States v. Alonso*, 48 F.3d 1536 (9th Cir. 1995). A district court may consider the *Daubert* test or any other factors in addressing relevance and reliability concerns regarding expert testimony. *See Kumho Tire*, 526 U.S. at 149-58 (noting that "there are many different kinds of experts, and many different kinds of expertise," including experts in drug terms, handwriting analysis, and criminal modus operandi).

An expert's opinion may be based on hearsay or facts not in evidence where the facts or data relied upon are of the type reasonably relied upon by experts in the field. Fed. R.

Evid. 703. In addition, an expert may provide opinion testimony even if the testimony embraces an ultimate issue to be decided by the trier-of-fact. Fed. R. Evid. 704.

### iii. Expert Testimony that the Seized Substance is Cocaine

The United States intends to call DEA Forensic Chemist Sylvia Tarin-Brousseau to testify as to the presence and quantity of cocaine in the packages seized from Defendant's vehicle. The United States anticipates that Ms. Tarin-Brousseau will testify about the tests performed on the substance seized from Defendant, and that these tests indicated the type and quantity of cocaine. She will base this opinion on her background, education, and experience, along with her knowledge and use of accepted scientific methods of testing. This testimony bears directly on an element of the charged offense, namely that cocaine is a prohibited drug.

### iv. Evidence Regarding Value of the Drugs

The United States intends to offer testimony from HSI Special Agent Andrew Flood regarding the wholesale value of cocaine in the United States near the Port of Entry where Defendant was arrested. The Special Agent will also testify regarding the retail or "street" value of cocaine in San Diego County.

Testimony regarding the quantity and value of seized drugs is circumstantial evidence of Defendant's knowledge regarding the drugs found in her vehicle. *See United States v. Ramirez*, 176 F.3d 1179, 1181 (9th Cir. 1999) (finding it "reasonable to infer that a $37,120 shipment of marijuana would not be entrusted to the driver of the vehicle without the driver's knowledge"); *United States v. Kearney*, 560 F.2d 1358, 1369 (9th Cir. 1977) (finding street value of narcotics relevant to demonstrate defendant's knowledge). Knowledge is an essential element of the offense charged. Accordingly, such testimony constitutes a proper area for expert testimony and the Court should admit the proposed evidence.

### v. Evidence of the Vehicle's Condition and the Compartment's Construction and Use

The United States intends to offer testimony from John Louie regarding the condition of the vehicle used in this case. Mr. Louie will testify about the amount of time

and effort required to put in and remove the drugs, how their presence would impact the operation of the vehicle, and the lack of forced entry. He will base his opinions on his decades of experience, training, and education in the automotive field and his personal inspection of the car.

The fact that the drugs would impair the operation of the vehicle is circumstantial evidence that a driver or passenger familiar with the car, such as Defendants, would notice something amiss. Similarly, the lack of forced entry is circumstantial evidence that the car was not entrusted to an unknowing courier. As such, the Court should allow this expert testimony.

    vi.    TECS Records

The United States provided Defendant with the TECS border crossing history of Defendant and the vehicle. The United States may seek to introduce these TECS records. Although the United States does not concede that the TECs crossing history in this case qualifies as expert testimony under the Federal Rules of Evidence, out of an abundance of caution the United States moves the Court for admission of such records and how they are created. A Special Agent from HSI will testify regarding the TECS system, what information is recorded, and how to read the print outs from the system.

The Ninth Circuit has held that the crossing history of an individual and a vehicle from TECS records is relevant admissible evidence of that individual's dominion and control of the vehicle, from which knowledge of contraband can be inferred. *United States v. Jimenez*, 506 Fed. Appx. 576, 578 (9th Cir Jan. 25, 2013) (unpublished); *see also United States v. Haro-Portillo*, 531 F.2d 962, 963 (9th Cir. 1976) (stating rule that knowledge of contraband contained in vehicle can be inferred from dominion and control over vehicle).

Here, the United States intends to call a HSI Special Agent to explain the TECS border crossing records of Defendant and the vehicle in order to prove Defendant's dominion and control of the vehicle. Such testimony speaks to Defendant's knowledge of the prohibited drug due to her familiarity with the car. To the extent such records require expert opinion, the United States seeks permission for their admission.

*vii. Cell Phone Download*

The United States may also call the case agent or a forensic analyst from HSI regarding the downloads of Defendant's cellular phone. The analyst would testify regarding his or her examination of Defendant's phone and its contents, including incoming and outgoing calls during the period shortly before Defendant's arrest, as well as any deleted texts or incoming/outgoing calls. The analyst's testimony directly relates to whether Defendant knew whether she was transporting drugs, an element of the offense charged.

**E.     The Court Should Allow the Government to Display the Seized Drugs and Packaging to the Jury**

The United States intends to introduce the 23.92 kilograms of cocaine discovered in Defendant's vehicle. The United States also intends to introduce the packaging. The evidence is relevant both to proving the substance of the narcotics found in the vehicle and, given the bulk and size of the packages, Defendants' knowledge of the narcotics. *See* Fed. R. Evid. 401-403. Accordingly, the Court should allow the United States to admit the seized drugs and packaging as evidence and display it to the jury.

**F.     The Court Should Compel Defendant to Provide all Discovery**

As of the date of the preparation of these motions, Defendant has produced no reciprocal discovery. The United States moves for an order requiring Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2. This includes, but is not limited to, the disclosures mandated by Rule 16(b)(2), namely all exhibits and documents that Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of any experts Defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

**G.     The Court Should Exclude Witnesses Other Than the Case Agent**

"[A] person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. Fed. R.

Evid. 615; *see, e.g., United States v. Valencia-Riascos*, 696 F.3d 938, 941-43 (9th Cir. 2012) (finding no abuse of discretion in allowing case agent to remain in courtroom throughout trial and to sit at prosecution's table). Here, the case agent is considered by the United States to be an integral part of the trial team. The United States requests that all other testifying witnesses be excluded during trial. The United States does not object to a defense investigator being present.

## IV.
## CONCLUSION

For the foregoing reasons, the United States respectfully requests that its motions in limine be granted.

Dated:      June 2, 2022                    RANDY S. GROSSMAN
                                            Acting United States Attorney

                                            *s/Paul E. Benjamin*
                                            PAUL E. BENJAMIN
                                            Assistant United States Attorney